IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| VAN ANH | ) | |
| KHONG NGUYEN | ) | |
| QUOC NGUYEN | ) | |
| THINH CAO | ) | |

**GOVERNMENT'S JOINT RESPONSE TO MOTIONS FILED BY DEFENDANTS QUOC NGUYEN, KHONG NGUYEN, AND THINH CAO**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and files this joint response to motions filed by defendants Quoc Nguyen, Khong Nguyen and Thinh Cao.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H Leavey

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

## CERTIFICATION OF SERVICE

I hereby certify that on this 17th day of February, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Joint Response to Motions Filed By Defendants Quoc Nguyen, Khong Nguyen, and Thinh Cao, along with its accompanying Memorandum, to the following:

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
127 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

Karen E. Mejis

# INDEX


PAGE

1. FACTS OF CASE . . . . . . . . . . . . . . . . . . . . . . . 1-2

2. MOTIONS FOR SEVERANCE . . . . . . . . . . . . . . . . . . . . 3
   QUOC NGUYEN
   KHONG NGUYEN
   THINH CAO

3. MOTIONS IN LIMINE (MACHETE) . . . . . . . . . . . . . . . . 3-5
   KHONG NGUYEN
   THINH CAO

4. MOTION IN LIMINE (PRIOR CONVICTIONS) . . . . . . . . . . . 6-7
   QUOC NGUYEN

5. MOTIONS TO SUPPRESS STATEMENTS . . . . . . . . . . . . . . . 7
   QUOC NGUYEN
   THINH CAO

6. MOTIONS FOR DISCOVERY . . . . . . . . . . . . . . . . . . . . 7
   QUOC NGUYEN
   THINH CAO

7. MOTION FOR EXCULPATORY EVIDENCE . . . . . . . . . . . . . . 7-8
   THINH CAO

8. RULE 12 MOTION . . . . . . . . . . . . . . . . . . . . . . . 8
   THINH CAO

9. MOTION FOR RULE 404(b) DISCLOSURE . . . . . . . . . . . . . . 8
   THINH CAO

10. MOTION FOR PRODUCTION (EXPERT TESTIMONY) . . . . . . . . . . 9
    THINH CAO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| VAN ANH | ) | |
| KHONG NGUYEN | ) | |
| QUOC NGUYEN | ) | |
| THINH CAO | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S JOINT RESPONSE TO MOTIONS FILED BY DEFENDANTS QUOC NGUYEN, KHONG NGUYEN, AND THINH CAO**

FACTS OF THE CASE

Tommy Nguyen (hereinafter referred to as "Tommy") manages a nail salon, called Nail Tech, in West Warwick, Rhode Island. (Nguyen is a very common Vietnamese name and with the exception of Quoc Nguyen and Khong Nguyen, none of the defendants and/or witnesses is related.)

Tommy placed bets through a friend Liem in Ohio. Liem placed his own and Tommy's bets through a bookmaker in Georgia named Hop Cao. Payment of winnings and losses would be made by or through Liem or Hop Cao.

In early 2005, Tommy placed and lost $12,000 in bets through Liem. The bets consisted of $6,800 of Tommy's bets and $5,200 for a friend, Hung. A few weeks later, Van Anh called and demanded the $12,000. A few minutes later, Van Anh, Khong and a

third individual came to Tommy's salon and demanded the gambling debt.

After verbal threats were made, Tommy subsequently made two $2,000 payments in cash, and two payments by check to Van Anh and Khong for a total of $6,800. One check for $2,000 was made payable to Van Anh and one for $800 was made payable to Hop Cao.

Van Anh demanded the remaining $5,200. On the evening of July 25, 2005, Quoc, Khong and Thinh Cao came to Tommy's salon and demanded money. Thinh Cao called Van Anh, put Tommy on the cell phone, and again Van Anh demanded money. When the conversation ended and Tommy refused to pay, Khong and Quoc began to beat him. Thinh Cao was observed by an employee watching with a black gun (or possibly a black handled machete) in his belt. Tommy broke free after his co-manager interceded, and ran away with Quoc and Khong chasing him. After police were called at 8:55 p.m., Thinh Cao picked up Quoc and Khong in Khong's automobile and all three fled. Their license plate was broadcast and Massachusetts State Police stopped them in Massachusetts. A black handled machete was found in the car. The three defendants consented to return to Rhode Island. After advice of rights, Quoc Nguyen admitted he and the others went to Nail Tech to collect a $2,000 gambling debt owed by Tommy. Thinh Cao also waived his Miranda rights and stated that Quoc Nguyen went to the nail salon to collect a

$2,000 gambling debt and when Tommy refused to pay, Quoc punched him.

MOTIONS FOR SEVERANCE
QUOC NGUYEN, KHONG NGUYEN AND THINH CAO

Quoc Nguyen has moved to sever his trial from that of Thinh Cao on the grounds that Thinh Cao made a statement which implicated him in the crimes for which he is charged. Thinh Cao and Khong Nguyen have moved to sever their trials from that of Quoc Nguyen because of statements made by Quoc Nguyen. (The government can redact the statement by Khong Nguyen that he met Cao through someone named Tony.) The government agrees that these three defendants should not be tried together, unless this Court would want to empanel two juries.

The government submits that all three motions to sever can be granted by severing Quoc Nguyen from his other three co-defendants. The government would request that the remaining trial of Van Anh, Khong Nguyen and Thinh Cao be scheduled first to be followed, in accordance with the Court's calendar, with a second trial of Quoc Nguyen.

MOTIONS IN LIMINE
KHONG NGUYEN AND THINH CAO

Khong Nguyen and Thinh Cao have moved to bar the introduction of a black handled machete found in a vehicle in

which Khong Nguyen, Quoc Nguyen and Thinh Cao were riding as they fled from the scene crime on July 25, 2005 pursuant to Rules 402, 403 and 404(b) of the Federal Rules of Evidence. The government objects.

An employee of Nail Tech, Ms. Thom Thi Tong, observed the beating of Tommy Nguyen by Khong and Quoc Nguyen. She observed Thinh "standing off to the side" with a "black handgun stuck in his waistband." See Exhibit 1. After the Massachusetts State Police seized the black handled machete from defendant Khong Nguyen's car, it was shown to Tong who stated that she thought (Cao) has a black gun in his waistband but that the black handle of the machete look[s] the same as she saw the previous night at the scene of the crime. See Exhibit 2.

The First Circuit has emphasized that Rule 404(b) only applies to bad acts not directly related to the crime charged. United States v. Mangual-Corchado, 139 F.3d 34, 43 fn22 (1st Cir. 1998). Evidence which corroborates matters significant to the prosecution case is admissible (Id). The fact that Thinh Cao had a weapon, whether it be a gun or machete in his possession while standing by as two co-defendants were beating an extortion victim, is certainly prejudicial but not unfairly so. The machete corroborates Tong's testimony and is significant evidence against Cao. Of course, if defendants wish to stipulate that Cao had a firearm in his waistband during the beating, the need for

the machete is less evident and the government would strongly consider foregoing its introduction.

The fact that Tong is uncertain whether it was a gun or handle of a machete does not make her testimony inadmissible. Even identifications of a defendant need not be positive. The weight to be given an identification is for the jury. Manson v. Braithwaite, 432 U.S. 98, 116-117 (1977). Accord. United States v. Hudson, 564 F.2d 1377, 1379 (9th Cir. 1977). Weapons and other articles found in possession of a defendant when arrested, although not identified as those actually used, but similar thereto, or which from the circumstance of the finding, justify an inference of the likelihood of their having been used are admissible. United States v. Eatherton, 519 F.2d 603, 610 (1st Cir. 1975). Accord. United States v. Ferreira, 821 F.2d 1, 6 (1st Cir. 1987).

Defendant Khong cites Rule 402. That, however, is a rule of inclusion. All relevant evidence is admissible except in certain limited circumstances, not pertinent here. The evidence is "relevant" since it makes the existence that Cao possessed a weapon more probable. See Federal Rules of Evidence 401. It is not unfairly prejudicial and will neither be confusing to the jury nor time consuming. The government submits defendant Khong and Cao's motions in limine should be denied.

MOTION IN LIMINE - PRIOR CONVICTIONS
QUOC NGUYEN

Defendant Quoc Nguyen has asked this Court to preclude the government from introducing his criminal felony convictions. Since Rule 609(a) of the Federal Rules of Evidence requires this Court to balance the probative value of admitting the evidence against its prejudicial effect, the government believes this decision may best be decided at the close of the government's case.

If the Court disagrees, the government would cite a recent First Circuit decision, United States v. Brito, 427 F.3 53, 63-64 (1st Cir. 2005) for the proposition that defendant's felony convictions are admissible for impeachment should defendant testify. Brito was charged with felon in possession. The trial court permitted the government to introduce three prior felony drug convictions when defendant elected to testify. The First Circuit noted that its prior decisions have held that prior convictions not involving dishonesty have some probative value for impeachment. The nature of the prior conviction generally does not go to admissibility, but rather to its weight. The fact that the prior convictions are dissimilar to the crime for which defendant is on trial (as in the instant case) favors admissibility since it is less prejudicial. Drug convictions have some bearing on credibility. Finally, and perhaps most importantly, the Brito case hinged on the credibility of the

defendant. This factor also favors admissibility. Brito at 63-64. This instant case may well hinge on whether the jury believes that Quoc Nguyen assaulted Tommy Nguyen because Tommy called him an obscenity (Quoc's version) or because he failed to pay a gambling debt. Defendant's prior felony conviction should be admitted if defendant testifies.

## MOTIONS TO SUPPRESS STATEMENTS QUOC NGUYEN AND THINH CAO

Quoc Nguyen and Thinh Cao have moved to suppress statements each made after arrest. The government expects to prove that each defendant was advised of his Miranda warnings, waived them, and voluntarily made those statements. The Court has already scheduled a hearing on these motions for March 13, 2006.

## MOTIONS FOR DISCOVERY QUOC NGUYEN AND THINH CAO

The government believes these motions are moot. The government provided everything which is required by Federal Rules of Criminal Procedure 16 and far more, including Grand Jury and witness statements. See Exhibit 3.

## MOTION FOR EXCULPATORY EVIDENCE THINH CAO

The government is unaware of any exculpatory evidence. As noted above in its response to defendants' requests for

discovery, the government has basically conducted open file discovery in this case. If any exculpatory evidence becomes known to the government, it will immediately notify counsel of that evidence.

## RULE 12 MOTION
## THINH CAO

In accordance with this Court's standard pretrial order, the government will provide counsel with an Exhibit List and copies of evidence it intends to present prior to trial. At the present time, the government intends to present photographs of the injuries suffered by Tommy Nguyen, copies of checks and a wire transfer, copies of Van Anh's bank records showing deposits of relevant checks, and advice of rights forms, all of which have been provided to counsel. The only other evidence is the machete which counsel can arrange to see. It is probable that additional evidence will be introduced and, if so, all evidence can be viewed by counsel pretrial.

## MOTION FOR RULE 404(b) DISCLOSURE
## THINH CAO

The government is unaware at this time of any Rule 404(b) evidence against this defendant.

MOTION FOR PRODUCTION (EXPERT TESTIMONY)

The government does not intend to use expert testimony in this trial. If the government's position changes, counsel will be notified.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

CERTIFICATION OF SERVICE

I hereby certify that on this 17th day of February, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Joint Response to Motions Filed By Defendants Quoc Nguyen, Khong Nguyen, and Thinh Cao, along with its accompanying Memorandum, to the following:

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
127 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903