IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| QUOC NGUYEN | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A NEW TRIAL**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and Assistant United States Attorneys and James H. Leavey and Sandra R. Beckner, and objects to Defendant's Motion For a New Trial for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

SANDRA R. BECKNER
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 26th day of June, 2006, I faxed a copy of the within Government's Objection to Defendant's Motion For a New Trial, along with its accompanying Memorandum, to the following:

John M. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| QUOC NGUYEN | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR A NEW TRIAL**

Defendant has moved for a new trial based on what he perceives to be "inconsistent verdicts." He argues that since he was found not guilty on the conspiracy count, the guilty count must have been the result of a compromise. Of course it is just as likely, if not more so, that the conspiracy acquittal was the result of compromise or lenity.

In any case, the verdicts were not "inconsistent." It is well settled that verdicts are not inconsistent if the elements of the two charged counts are not identical. See United States v. Crochiere, 129 F.3d 233, 239 (1st Cir. 1997). Furthermore, even if the verdicts were inconsistent, the Supreme Court has held that inconsistency alone is not sufficient to vacate a conviction. United States v. Lopez, 944 F.2d 33, 41 (1st Cir. 1991)(citing United States v. Powell, 469 U.S. 57 (1984)) "so long as the ... court is satisfied that there was sufficient evidence to sustain the counts of conviction." United States v. Sullivan, 85 F.3d 743, 747 (1st Cir. 1996). Defendant is not

even arguing that there was insufficient evidence for the count of conviction and his motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

SANDRA R. BECKNER
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 26th day of June, 2006, I faxed a copy of the within Government's Objection to Defendant's Motion For a New Trial, to the following:

John M. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909